UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY JAMES MAIER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  08 C 1837 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | Judge St. Eve |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNITED STATES'**
**MEMORANDUM IN SUPPORT OF SUMMARY JUDGMENT**

**Introduction**

Plaintiff Terry J. Maier seeks to quash summonses that the Internal Revenue Service ("IRS") issued to four different businesses to obtain financial records pertaining to Maier in connection with an audit of his federal income taxes for 2003. However, Maier fails to offer any valid basis to quash the summonses and, in any event, he has not properly served the United States. Accordingly, summary judgment should be entered against him and his petition should be dismissed.

**Statement of Facts**

On March 19, 2008, IRS Revenue Agent Marianne Chianelli issued administrative summonses concerning taxable year 2003 to Nature's Sunshine Products, Inc.; Sho-Deen, Inc.; Northwest Metalcraft; and DRH Cambridge Homes, Inc., seeking information relating to any relationship "Terrence Maier" and/or "Maier Precast, Inc." may have had with the respective business entities. *See* D. 1, Case No. 08 C 1837, attachments to petition.[1] Each summons bears a

---

[1] "D" references are to the numbered items in the court's docket for the identified case number.

return date of April 18, 2008, reflects that it was issued as part of an IRS investigation of Maier's federal income tax liabilities for 2003, and references Maier's correct social security number. *Id*. A database maintained by Westlaw reflects that various UCC1's have been filed with the Illinois Secretary of State that list "Terry Maier" and "Maier Precast" together as a debtors to the Community Bank of Plano and also identifies Maier's home address, 14780 Galena Road, Plano, IL 60545, as the address for Maier Precast. Exhibit 1, Westlaw, Uniform Commercial Code Reports.

Twelve days after the summonses were issued, Maier filed a petition with the district court seeking to quash all four IRS third-party summonses. D. 1, Case No. 08 C 1837. In his petition, Maier alleges that the IRS summonses should be quashed because: (1) he is not a person subject to the summons authority of the IRS; (2) they are identical to some summonses that were previously issued in January 2008; (3) they relate to a company allegedly dissolved in 1997; (4) they reference "Terrance Maier" rather than "Terry James Maier;" and (5) they are overbroad and violate his Fourth Amendment rights. D. 1, Case No. 08 C 1837. Since the date Maier filed his petition, the district court clerk's office has not issued any summonses for service in this case. D. *passim*, Case No. 08 C 1837. Maier was previously advised of the requirements necessary to properly serve the United States when the United States raised and briefed the issue of service in his previously dismissed lawsuit, *Maier v. United States*, No. 07 C 5112. D. 12 & 14, Case No. 07 C 5112.

**Argument**

The United States moves for summary judgment because Maier cannot establish that the issuance of the summonses was defective and, in any event, Maier has not properly served his petition on the United States. *Knauss v. United States*, 28 F. Supp. 2d 1252, 1254 (S.D. Fla. 1998)(United States may seek dismissal of petition to quash); *Hogan v. United States*, 873 F. Supp.

80, 82 (S.D. Ohio 1994); *Cosme v. IRS*, 708 F. Supp. 45, 48 (E.D.N.Y. 1989)(burden is immediately on petitioner to establish valid defense to summons); *Jungles v. United States*, 634 F. Supp. 585, 586 (N.D. Ill. 1986). In order to establish a valid defense to the summonses, Maier must show that the IRS' issuance of the summonses was an abuse of process. *2121 Arlington Heights Corp. v. IRS*, 109 F.3d 1221, 1224 (7th Cir. 1997). This Maier cannot do.

I.    **Maier Is Subject to IRS Summons Authority.**

Maier claims that he is not a person subject to the summons authority of the IRS. However, his argument fails in light of the IRS' statutory summons authority, expressed in 26 U.S.C. § 7602. That statute provides in relevant part that, "[f]or the purpose of…determining the liability of any person for any internal revenue tax…the Secretary authorized…[t]o summon…any person having possession, custody, or care of books of account containing entires relating to the business of the person liable for the tax." 26 U.S.C. § 7602(a); *Borchert v. United States*, 232 Fed. Appx. 601 (7th Cir. 2007); *United States v. Ins. Consultants of Knox, Inc.*, 187 F.3d 755, 759 (7th Cir.1999). In examining the purpose of Section 7601, the Supreme Court, in *United States v. Bisceglia*, 420 U.S. 141 (1975), acknowledged that, given our tax system's reliance on self-reporting, some persons will try to outwit the system:

> Thus, § 7601 gives the Internal Revenue Servcice a broad mandate to investigate and audit 'persons who may be liable' for taxes and § 7602 provides the power to 'examine any books, papers, records or other data which may be relevant…and to summon…any person having possession… of books of account…relevant or material to such inquiry.' Of necessity, the investigative authority so provided is not limited to situations in which there is probable cause, in the traditional sense, to believe that a violation of the tax law exists. *United States v. Powell*, 379 U.S. 48, 57 (1964). The purpose of the statues is not to accuse, but to inquire. Although such investigations unquestionably involve some invasion of privacy, they are essential

>to our self-reporting system, and the alternatives could well involve
>far less agreeable invasions of house, business, and records.

*Bisceglia*, 420 U.S. at 145.

Further, the Supreme Court has explained that the power of the IRS to investigate does not depend on a case or controversy for power to get evidence; the IRS can investigate "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *Powell*, 379 U.S. at 57.

The IRS is authorized to summon and "examine any books, papers, records, or other data which may be relevant or material" to a particular tax inquiry. 26 U.S.C. § 7602; *United States v. Arthur Young & Co.*, 465, U.S. 805, 813 (1984). In this case, the summonses show that the material being sought is potentially relevant to a determination of Maier's tax liabilities or "any offense connected with administration or enforcement of the internal revenue laws" for the taxable year 2003. As such, Maier's argument is unavailing and his petition should be dismissed.

**II.     Maier Cannot Establish That the Summonses Are Defective.**

Maier next contends that the present summonses are *prima facie* defective because they "duplicate Summonses that Petitioner received in January of 2008." However, Maier's contention does not render the present summonses defective. Indeed, Maier has not offered any evidence that the IRS is seeking to enforce the January 2nd summonses and, in any event, he has filed a separate action seeking to quash those summonses. *Maier v. United States*, Docket Case No. 08 C 691 (N.D. Ill.). Accordingly, the January 2nd summonses are not relevant to this case.

Maier also asserts that the present summonses are *prima facie* defective "in that the EIN number that is in question belonged to a company that was dissolved in 1997." However, Maier's

bare allegation is an insufficient justification to quash the summonses.  Moreover, none of the summonses reference any EIN number.  Instead, they properly reference Maier, his social security number, and "Maier Precast," a business name which public records continue to associate with Maier.  Indeed, a Westlaw database reflects that UCC1's filed with the Illinois Secretary of State continue to list "Terry Maier" and "Maier Precast" together as a debtor to the Community Bank of Plano and also identify Maier's home address, 14780 Galena Road, Plano, IL 60545, as the address for Maier Precast.  As such, Maier cannot establish that the IRS's issuance of the summonses was an abuse of process.  *2121 Arlington Heights Corp.*, 109 F.3d at1224.

Finally, Maier asserts that the summonses are defective because they reference "Terrance Maier" rather than "Terry James Maier."  However, even if the summonses contain a wrong first name for Mr. Maier, they still contain his correct last name, his correct social security number, and identify Maier Precast, Inc. as a business entity for which they seek information.  Accordingly, none of Maier's arguments can successfully establish a basis to quash the summonses in this case.  *2121 Arlington Heights Corp.*, 109 F.3d at 1224.

**III.     The Summonses Are Not Overbroad.**

Maier argues that the summonses are overbroad and violate his Fourth Amendment rights.  However, the IRS's statutory duty and powers of investigation are stated in broad terms in 26 U.S.C. § 7601, and the Supreme Court held long ago that the IRS's power to issue third-party summonses does not violate the the Fourth Amendment rights of the person being investigated.  *Donaldson v. United States*, 400 U.S. 517, 522 (1971); *United States v. Miller*, 425 U.S. 435, 444-45 (1976); *Fisher v. United States*, 425 U.S. 391, 396-397 (1976).

Maier also claims that Title 26 is "not the law." However, Maier's argument is patently frivolous. *Tax Analysts v. IRS*, 214 F.3d 179, 183 n. 1 (D.C.Cir.2000). Such challenges to the applicability of the income tax system and authority of the IRS to enforce Title 26 have been uniformly rejected by all federal courts, including the Seventh Circuit Court of Appeals. *Borchert*, 232 Fed. Appx. 601 (2007).

**IV.    Maier Failed to Properly Serve His Petition.**

Federal courts do not have personal jurisdiction over a defendant unless the defendant has been served properly under Rule 4, Fed. R. Civ. P. *Audio Enterprises Inc. v. B&W Loudspeakers of America*, 957 F. 2d 406 (7th Cir. 1992). Plaintiffs have the burden of establishing that they properly effectuated service. *Salon Group, Inc. v. Salberg*, 156 F. Supp. 2d 872, 878 (N.D. Ill. 2001), *see also Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). "[D]efendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements." *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 300-01 (7th Cir. 1991).

In this case, Maier is *already* aware of the requirements necessary to properly serve the United States because the issue was raised and briefed in his previously dismissed lawsuit, *Maier v. United States*. D. 12 & 14, Case No. 07 C 5112. Despite this knowledge, Maier has still refused to even attempt proper service of the United States by obtaining a summons from the clerk's office. Accordingly, the current petition should be dismissed for his failure to effectuate proper service.

**Conclusion**

For the foregoing reasons, the court should grant summary judgment in favor of the United States and dismiss Maier's petition.

    Respectfully submitted,

    PATRICK J. FITZGERALD
    United States Attorney

    By: s/ Samuel D. Brooks
        SAMUEL D. BROOKS
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-5342
        sam.brooks@usdoj.gov