# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1837 | **DATE** | 9/4/2008 |
| **CASE TITLE** | Maier vs. United States | | |

**DOCKET ENTRY TEXT**

The Court grants Respondent's summary judgment motion [13] and dismisses this action without prejudice. All pending dates and deadlines are stricken.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On March 31, 2008, Petitioner Terry James Maier filed a petition to quash third-party summonses that the Internal Revenue Service ("IRS") issued in connection with an audit of Maier's federal income taxes for 2003. On May 29, 2008, Maier filed an amended petition to quash. Before the Court is Respondent United States' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. The Court grants the United States' motion and dismisses this action for failure to properly effect service.

## BACKGROUND

Because Maier failed to properly respond to Respondent's Northern District of Illinois Local Rule 56.1 Statement, the Court admits the uncontroverted statements as true. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). On March 19, 2008, IRS Revenue Agent Marianne Chianelli issued administrative summonses concerning taxable year 2003 to Nature's Sunshine Products, Inc., Sho-Deen, Inc., Northwest Metalcraft, and DRH Cambridge Homes, Inc., seeking information relating to any relationship "Terrence Maier" and/or "Maier Precast, Inc." may have had with these business entities. (R. 15-1, Resp.'s Stmt. Facts ¶ 1.) Each of the four summons bears a return date of April 18, 2008, and reflects that it was issued as part of an IRS investigation of Maier's federal income tax liabilities for 2003 and references Maier's social security number. (*Id*. ¶ 2.) A Westlaw database reflects that various Uniform Commercial Code reports have been filed with the Illinois Secretary of State that list "Terry Maier" and "Maier Precast" together as a debtors to the Community Bank of Plano and also identifies Maier's home address, 14780 Galena Road, Plano, IL 60545, as the address for Maier Precast. (*Id*. ¶ 3.) In his petition to quash these third-party summonses, Maier argues that: (1) he is not a person subject to the summons authority of the IRS; (2) they are identical to some summonses that were previously issued in January 2008; (3) they relate to a company allegedly dissolved in 1997; (4) they reference "Terrance Maier" rather than "Terry James Maier;" and (5) they are overly broad and violate the Fourth Amendment. (*Id*. ¶ 4; R. 9-1, Amend. Pet. Quash.) To date, the district court clerk's office has not issued any summonses for service in this matter. (*Id*. ¶ 5.)

|   | Courtroom Deputy Initials: | KF |
|---|---|---|

## ANALYSIS

Respondent maintains that the Court does not have personal jurisdiction over it because Maier failed to properly serve the United States. *See* Fed.R.Civ.P. 4(I). The Court agrees. Section 7609 of the Tax Code requires the IRS to serve anyone whose financial records are sought in a third-party summons with a notice of the summons. *See* 26 U.S.C. § 7609(a)(1); *Barnes v. United States,* 199 F.3d 386, 388 (7th Cir. 1999). "Persons entitled to such notice may then petition a district court to quash the summons." *Barnes*, 199 F.3d at 388; 26 U.S.C. § 7609(b)(2)(A). After filing a petition to quash an IRS summons against the United States, the petitioner "must deliver a copy of the summons and the complaint to the U.S. Attorney's Office for the district in which the action is brought, as well as to the Attorney General of the United States." *McMasters v. United States,* 260 F.3d 814, 817 (7th Cir. 2001); Fed. R. Civ.P. 4(I). Actual notice is not sufficient – instead, a plaintiff must comply with Rule 4's directives for the district court to have jurisdiction over the defendant. *See McMasters*, 260 F.3d at 817; *Tuke v. United States,* 76 F.3d 155, 157 (7th Cir. 1996).

Here, Maier never served the United States Attorney's Office for the Northern District of Illinois and the Attorney General of the United States as required under Rule 4(I). The fact that Maier is proceeding pro se does not absolve him from his failure to comply with the Federal Rules of Civil Procedure. *See McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *see also McMaster,* 260 F.3d at 818. Meanwhile, Maier's unsubstantiated explanation for his failure to properly serve the United States, namely, that the clerk's office refused to sign his proffered summonses is unavailing because Maier admits that he did not put the case number and assigned judge's name on the paper work. Finally, Maier has made no attempt to properly serve Respondent since his failed attempt in early May 2008 nor does he offer any other explanation for the delay or ask the Court for more time to properly serve Respondents, thus the Court will not extend time for service under Rule 4(m). *See United States v. McLaughlin,* 470 F.3d 698, 700 (7th Cir. 2006) (if good cause for delay established, court must extend time for service). Because the Court does not have personal jurisdiction over Respondent in this matter, the Court dismisses Maier's petition to quash the IRS summons without prejudice.